UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| VICTOR PAGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:21-cv-288 |
| | ) |
| A.D. TRANSPORT EXPRESS, INC., and THORCAM ALLAMY, | ) ) ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion to Limit Testimony [DE 72] filed by Defendant Thorcam Allamy on October 29, 2025. The plaintiff, Victor Page, filed a Response [DE 74] on November 14, 2025. Defendants Thorcam Allamy and A.D. Transport Express, Inc. (hereinafter "AD Transport") filed a Reply [DE 77] on December 4, 2025. This matter is now fully briefed and ripe for ruling. The Motion to Limit Testimony [DE 72] is **GRANTED IN PART**.

*Discussion*

Federal Rule of Civil Procedure 26(c)(2) requires the timely disclosure of the identity and proposed testimony of any expert witnesses who will testify at trial. A treating physician is not considered an expert for trial, so the plaintiff is not required to file a Rule 26(a)(2)(B) report but is required to file the less demanding Rule 26(a)(2)(C) report. The subsection (C) report does not contain the extensive requirements outlined in subsection (B), but the plaintiff still is required to include pertinent information in that report. The sufficiency of any report determines whether the expert will be permitted to testify and the scope of the proposed testimony.

There is no dispute that the treating physician is not a retained expert when the testimony

is limited to the nature and extent of the claimed injuries and the treatment the plaintiff received. The problem arises when the plaintiff intends to question the treating physician on the causation and/or permanency of the injuries. Courts consistently have held that both of these areas transfer the treating physician into the retained expert category and require the more detailed subsection (B) report. *Meyers v. Nat'l R.R. Passenger Corp.*, 619 F.3d 729, 734 (7th Cir. 2010); *Banister v. Burton*, 636 F.3d 828, 833 (7th Cir. 2011) (quoting *Meyers*, 619 F.3d at 734-35); *Coleman v. Am. Fam. Mut. Ins. Co.*, 274 F.R.D. 641, 645 (N.D. Ind. June 2, 2011). Therefore, even if the subsection (C) report is adequate for testimony limited to the injuries and treatment, it does not permit the expert opinion on causation and/or permanency.

The subsection (B) report has six requirements, but the subsection (C) report only has two listed. This has caused confusion over the actual requirements of the report both before a treating physician may be called as an expert witness and the scope of the proposed testimony. This case is a classic example of the motions in limine directed to the sufficiency of the pre-trial disclosures for treating physicians.

It is undisputed that the plaintiff, Victor Page, and the defendant, Thorcam Allamy, were in a fistfight at a truck stop and that Page was seriously injured. It is also undisputed that the expert medical testimony Page intends to offer at trial is limited to the healthcare providers who treated him. No subsection (B) report was filed for any of the proposed expert witnesses, so two issues must be addressed: whether the treating physicians can state an opinion on causation and whether the disclosures comply with subsection (C).

Page's medical records are replete with a history of traumatic injuries following the fight. However, there is a distinction between the patient's medical history[1] and a doctor's conclusion.

---

[1] The admissibility of a patient's statements is covered by Federal Rules of Evidence 803(4) and 803(6), not Rule 26(a).

2

Although the response brief provides pages of excerpts from the medical records, all of the quoted portions are taken from the history provided by Page. As previously stated, a treating physician becomes a retained expert unless causation and/or permanency are contained in the original diagnosis. Because Page has not filed a subsection (B) report and has not provided evidence that the causation opinions were part of a diagnosis, these opinions are not admissible.

Allamy also challenges the sufficiency of the subsection (C) disclosures. The reports for treating physicians must identify "the subject matter" and include "a summary of the facts and opinions to which the witness is expected to testify." Rule 26(a)(2)(C)(i), (ii). Page has failed to disclosure the required information for three of his healthcare providers.

In his brief, Allamy cites *Kazmierski v. Bonafide Safe and Lock, Inc.*, 2015 WL 10070324 (E.D. Wisc. Dec. 11, 2015), a case from the Eastern District of Wisconsin, which was relied upon by this court in *Washington v. Tovo*, 2018 WL 2126941, at *5 (N.D. Ind. May 9, 2018). In particular, the court quoted with approval the subsection (C) requirements outlined in *Kazmierski*:

> The witness is expected to opine that the plaintiff is unable to lift more than 50 pounds and will remain unable to do so for the indefinite future. This opinion is based on the following facts: the witness diagnosed the plaintiff with three herniated discs in his back, he observed during office visits that the plaintiff is experiencing symptoms that prevent him from lifting more than 50 pounds, and he observed during office visits that the plaintiff's condition is not improving.

*Kazmierski*, 2015 WL 10070324, at *2.

According to Allamy, Page's disclosures do not meet the requirements of subsection (C) as stated in *Kazmierski*.

The first two expert witness disclosures read as follows:

a) Dr. Hobbs has extensive professional credentials in neurosurgery as a licensed medical doctor in Indiana who personally observed, evaluated, and treated Victor Page emergently and afterwards for the various orthopedic and soft tissue injuries suffered by Victor (i.e. broken neck, broken nose, soft tissue injuries, and performed two cervical fusions on different dates on Victor as a result of Allamy's

3

attack. Dr. Hobbs' medical training, medical treating experience, further establish his professional credentials. Plaintiff experts Dr. Hobbs to testify in significant part by reference to the medical records that document his evaluation, diagnosis, and treatment of Victor's cervical spine surgeries.

(b) Dr. Priya Patel, DPM, Podiatry, personally observed, diagnosed, and treated Victor emergently and afterwards for two fractures of Victor's right great toe, an avulsion fracture and a tuft fracture, caused[2] when Allamy drove AD Transport's tractor-trailer away from the crime scene and over a portion of Victor's right foot. She is expected to rely on her professional experience, observations, evaluations, and medical training she used to treat Victor. Plaintiff experts Dr. Patel's opinions will not track those of AD Transport's "biomechanical" expert, Dr. Rundell, P.E. The opinions of Dr. Patel may be impacted by destruction of pertinent evidence by the agent and employee of AD Transport, co-defendant Thorcam Allamy, who stole Victor's shoes and socks and threw them away.

Both of these disclosures identify the experts, provide a summary of the proposed testimony, and disclose the facts supporting the opinions. Therefore, Dr. Hobbs and Dr. Patel may testify about their treatment of Page.

Page identified three other healthcare providers with the following disclosures:

c) Omar Barakat, M.D., Porter Regional Hospital 85 US Highway 6 Valparaiso, IN 46383, as provider of CT radiology interpretation services as documented in Victor Page's medical record at Porter Regional Hospital on 7/30/2021, particularly his interpretation of Victor's cervical and right foot CT scanning images.

(d) Steven Hossler, MD, Porter Regional Hospital 85 US Highway 6 Valparaiso, IN 46383, as the radiologist interpreting initial x-rays of Victor Page's right foot, as documented in Victor Page's medical record at Porter Regional Hospital on 7/29/2021.

(e) Neil Shaffer, D.O., Porter Regional Hospital 85 US Highway 6 Valparaiso, IN 46383, as provider of emergency medical services as documented in Victor Page's medical record at Porter Regional Hospital on 7/29/2021, referral for admit and orthopedic evaluation consults.

These disclosures fail to comply with subsection (C) because they do not state the opinion to be offered by each individual or any facts supporting that opinion. Accordingly, Omar Barakat,

---

[2] As previously stated, Dr. Patel will not be permitted to state an opinion on causation.

4

Steven Hossler, and Neil Shaffer cannot be called as expert witnesses.

For the forgoing reasons, the Joint Motion to Limit and/or Exclude Medical Expert Testimony of the Plaintiff [DE 72] is **GRANTED IN PART**. Dr. Jonathan Hobbs and Dr. Priya Patel may testify concerning their treatment of Page without any reference to the cause or permanency of these injuries. Any proposed expert testimony from Dr. Omar Barakat, Dr. Steven Hossler, and Dr. Neil Shaffer is excluded.

### *Conclusion*

Accordingly, Defendants' Motion [DE 72] is **GRANTED IN PART**.

ENTERED this 15th day of January, 2026.

/s/ Andrew P. Rodovich  
United States Magistrate Judge